IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ANTHONY JOHNSON, on behalf of himself and others similarly situated, | § § § | CIVIL ACTION NO. 22-1342 |
| *Plaintiff*, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| REGIONAL HEALTHCARE-LAKE CHARLES LLC d/b/a AT HOME COMPASSIONATE CARE and WENDY HARPER | § § § § § | COLLECTIVE ACTION |
| *Defendants.* | | |

## COLLECTIVE ACTION COMPLAINT

### I.   SUMMARY

1.   Regional Healthcare Lake-Charles LLC, doing business as At Home Compassionate Care, a home healthcare company providing services in Lake Charles, Louisiana, and Wendy Harper (collectively "Defendants"), are violating the Fair Labor Standards Act ("FLSA") by forcing their employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2.   Plaintiff Anthony Johnson ("Plaintiff") worked for Defendants as a personal caregiver in Lake Charles, Louisiana and was damaged by this illegal policy or practice. Defendants denied Plaintiff the compensation he is due under the FLSA.  Plaintiff brings this lawsuit on behalf of himself and all other similarly situated current or former, hourly-paid personal caregivers to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## II.     JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District of Louisiana.  28 U.S.C. § 1391(b)(2).

## III.    THE PARTIES

5. Plaintiff worked for Defendants as a personal caregiver, assisting elderly clients at their homes in Lake Charles, Louisiana.  He performed various services for Defendants' clients, including but not limited to personal hygiene and grooming, feeding, medical monitoring, housekeeping, laundry, bed making, cleaning, preparing and serving meals, providing companionship, and other caregiving-related services.  He regularly worked over 40 hours per week without receiving all the compensation he was due under the FLSA.  Attached is Plaintiff Johnson's consent as Exhibit A.

6. The class of similarly situated employees consists of all current and former hourly-paid personal caregivers, who were employed by Defendants during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Regional Healthcare-Lake Charles LLC, doing business as At Home Compassionate Care, is a Domestic For-Profit Limited Liability Company with a principal place of business at 4835 Ihles Road, Suite A, Lake Charles, Louisiana 70605, that is engaged in commerce in the United States and is otherwise subject to the FLSA.  Defendant Regional Healthcare-Lake Charles LLC employed Plaintiff within the meaning of the FLSA.  Defendant

may be served with process by serving its registered agent, Robert Jeter at 4835 Ihles Road, Lake Charles, Louisiana 70605.

8.  Defendant Wendy Harper is a Member-Manager of Defendant Regional Healthcare-Lake Charles LLC.  She is an individual residing in Lake Charles, Louisiana.  Defendant Harper, upon information and belief, possessed control over Regional Healthcare's actual operations in a manner that directly relates to Plaintiff's employment and that of those similarly situated to Plaintiff.  Defendant Harper directly affected employment-related factors such as workplace conditions and/or operation, personnel, and/or compensation.  Wendy Harper may be served with process at 5925 E Blue Sage Road, Lake Charles, Louisiana 70605.

## IV.   BACKGROUND

9.  The preceding paragraphs are incorporated by reference.

10.  Defendants provide in-home, professional home care services for the elderly throughout Lake Charles, Louisiana.  Upon information and belief, Defendants employ other personal caregivers similarly situated to Plaintiff to take care of their clients.

11.  Defendants' personal caregivers assist with each client's daily needs, such as personal hygiene and grooming, feeding, medical monitoring, housekeeping, laundry, bed making, cleaning, preparing, and serving meals, providing companionship, and other caregiving-related services.  Upon information and belief, Plaintiff and Members of the Class regularly worked in excess of 40 hours per work week.  However, Defendants did not pay their caregivers one and one-half times their regular rate for all hours in excess of 40 each week.  Instead, Defendants pay their caregivers less than one and a half times their regular rate for all hours worked over 40 per week.  As a result, Defendants fail to properly compensate their employees under the FLSA.

## V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

**A.   *Defendants Failed to Properly Pay Regular and Overtime Compensation.***

12. The preceding paragraphs are incorporated by reference.

13. Plaintiff worked for Defendants as a personal caregiver, where he assisted senior clients with their daily needs, as described above. During his employment, Plaintiff frequently worked four to five consecutive days during a workweek. In a workweek, Plaintiff often worked approximately 50 hours or more.

14. Defendants paid Plaintiff a set hourly rate for each hour worked, and Plaintiff was paid weekly. However, Defendants paid Plaintiff less than one and a half times Plaintiff's regular rate for all hours worked over 40 hours per week, regardless of the number of hours suffered or permitted to work.

15. The FLSA requires Defendants to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff works over 40 hours in a week. Defendants should have paid Plaintiff for 40 hours of regular pay and at least 10 hours or more of overtime in a typical workweek, but Defendants failed to properly pay the Plaintiff one and a half times Plaintiff's regular rate for all overtime hours.

16. By failing to pay Plaintiff as described above, Defendants have deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

**B.   *Defendants Willfully Violated the FLSA.***

17. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum

wage and overtime compensation to non-exempt employees like Plaintiff. Defendants failed to follow these rules when paying Plaintiff.

18. Defendants had a policy and/or practice of not properly paying their employees for all of the regular time and overtime they worked each week at the proper rate. Defendants should have paid their employees their regular rate for all hours worked, and they should have paid their employees overtime compensation at one and one-half their regular rates for all hours worked in excess of 40 per workweek.

19. Defendants know or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

### VI.     COLLECTIVE ACTION ALLEGATIONS

20. The preceding paragraphs are incorporated by reference.

21. Plaintiff is aware that Defendants' illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by Defendants as personal caregivers, who performed the same duties as Plaintiff, as described above. As with Plaintiff, Members of the Class frequently work(ed) substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

22. Upon information and belief, the Members of the class are/were also not properly paid for all hours suffered or permitted to worked, as described above with regard to Plaintiff.

23. Defendants' failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Defendants to pay their employees for less than all of the regular and overtime hours a caregiver is suffered or permitted

to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

24. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid personal caregivers, who were employed by Defendants during the three-year period preceding the filing of this complaint.**

25. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

26. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII.   CAUSES OF ACTION

27. The preceding paragraphs are incorporated by reference.

28. As set forth above, Defendants violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

29. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

30. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

31. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216 (b).

## VIII.  JURY DEMAND

32. Plaintiff demands a jury trial.  Any required jury fee has been or will be timely paid.

## PRAYER

WHEREFORE, Plaintiff requests that this Court award him and Members of the Class judgment against Regional Healthcare-Lake Charles LLC doing business as At Home Compassionate Care, and Wendy Harper for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

4. reasonable attorneys' fees, costs and expenses of this action;

5. pre-judgment and post-judgment interest at the highest rate allowed by law; and

6. such other and further relief as may be allowed by law.

DATED this 18th day of May

Respectfully submitted,

BAILEY COWAN HECKAMAN PLLC

*s/ Megan Roper*
Megan Roper
Louisiana Bar No. 38392
Robert W. Cowan
Texas Bar No. 24031976
*Pro Hac Vice To Be Requested*
Four Oaks Place
1360 Post Oak Blvd., Suite 2300
Houston, TX  77056
713-425-7100 Telephone
713-425-7101 Facsimile
mroper@bchlaw.com
rcowan@bchlaw.com

*Attorneys for Plaintiff*

7